**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

EDGAR AYALA BRIBIESCA,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.    15-71016

Agency No. A200-691-635

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Edgar Ayala Bribiesca, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Among other reasons, the BIA denied asylum as a matter of discretion. Bribiesca does not raise any arguments challenging this dispositive determination. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). Thus, we deny the petition as to Bribiesca's asylum claim.

Substantial evidence supports the BIA's determination that Bribiesca failed to establish he was or would be persecuted on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial") (emphasis in original); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Bribiesca's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of CAT relief because Bribiesca failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the government of Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime in Mexico was not particular to the petitioner and insufficient to establish

2                                                                    15-71016

eligibility for CAT relief).

**PETITION FOR REVIEW DENIED.**